Clark J. Davis WSBA # 11635
Mark J. Davis WSBA # 51262
Davis Law Office, PLLC
7191 Wagner Way NW, Suite 202
Gig Harbor, WA 98335
T: (253) 858-9423
E-Mail: cdavis@cjd-law.com
          mdavis@cjd-law.com

Attorneys for Plaintiff Bornstein Seafoods, Inc.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

,

BORNSTEIN SEAFOODS, INC. a Washington Corporation,

        Plaintiff,

vs.

CITY OF BELLINGHAM a Washington Municipal Corporation,

        Defendant.

No. 21-cv-00022

BORNSTEIN SEAFOODS INC'S. COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Plaintiff, for its Complaint herein, alleges:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601 *et. seq.*, the Washington State Model toxics Control Act (MTCA), RCW 70A.305 *et seq.*, and the Washington

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 1

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
(253) 858-9423

Uniform Declaratory Judgment Act, RCW 7.24.010, *et seq.* to recover the costs of past and future environmental response and remediation concerning certain sediments and other property that have been impacted by the release of hazardous substances, and obtain a judicial declaration of the obligation of Defendant to pay such costs.

2. Defendant owns and operates a sewer and stormwater conveyance system (the Stormwater System) that discharges large volumes of contaminated water to several outfalls in Bellingham Bay, including the Bellwether Outfall along the Bellwether Peninsula and the Roeder Outfall at the head of the I & J Waterway.

3. Ownership and operation of the Stormwater System by Defendant dates back to the first half of the twentieth century. In the decades of such ownership and operation the Stormwater System has collected hazardous substances originating from city streets and other sources and conveyed such substances to the I & J Waterway.

4. Defendant has also owned and operated the Roeder Landfill and other facilities that are sources of contaminated leachate and other contamination entering the I & J Waterway.

5. The discharge of such contamination, especially that discharged through Roeder and Bellwether Outfalls, has caused release of material defined as hazardous substances under CERCLA and MTCA into the sediments of the I & J Waterway (the Releases).

6. Plaintiff has entered into an agreed order with the Washington State Department of Ecology (Agreed Order) for the purpose of providing remedial action at the I & J Waterway.

7. Plaintiff has incurred remedial action costs, and will incur additional remedial action costs, investigating and responding to the Releases.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 2

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA  98335
(253) 858-9423

8. Defendant is liable to Plaintiff for such remedial action costs under RCW 70A.305.080.

9. Defendant is liable to Plaintiff for the remedial action costs associated with the Agreed Order under 42 U.S.C. 9613(f)(3)(b).

## THE PARTIES

10. Plaintiff is a Washington Corporation with its principal place of business in Washington.

11. Defendant is an incorporated municipality of the State of Washington.

## JURISDICTION AND VENUE

12. This action involves claims under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601 *et. seq.* and the Washington State Model toxics Control Act (MTCA), RCW 70A.305.

13. This Court has original subject matter jurisdiction over the CERCLA claims under 42 U.S.C. § 9613(b) and supplemental jurisdiction over the MTCA claims under 28 U.S.C. § 1367(a).

14. This Court has personal jurisdiction over the City of Bellingham, because it is a resident of Whatcom County, Washington and the events giving rise to the claim occurred in Whatcom County, Washington.

15. Venue in this Court is proper under 42 U.S.C. 9613(b).

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 3

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
(253) 858-9423

**FACTS**

16. Defendant is the owner and operator of the City of Bellingham Stormwater System.

17. Defendant has owned and operated facilities comprising the Stormwater System, or elements thereof, since prior to 1940.

18. Stormwater System facilities owned and operated by Defendant include stormwater lines, catch basins, pump stations, pipes, ditches, culverts, street gutters, detention ponds, retention ponds, infiltration devices, oil/water separators, waste water treatment plants, and more.

19. The Stormwater System collected contaminated stormwater from an area of more than 19,200 acres and drained such contaminated stormwater (City Stormwater) through various outfalls to Bellingham Bay (Baywide Drainage).

20. Areas from which City Stormwater was collected included city streets, industrial facilities, and residential properties.

21. Defendant collects fees from residents and businesses for the purpose of handling stormwater in the City.

22. City Stormwater contained hazardous substances, including but not limited to metals, petroleum, petroleum byproducts and fractions, polycyclic aromatic hydrocarbons (PAHs), bis(2-ethylhexyl)phthalate (BEP), organic compounds, polychlorinated biphenyls (PCBs), dioxin and furans.

23. Subareas of Baywide Drainage drained directly to the I & J Waterway through the Roeder Outfall (Roeder Drainage) and the Bellwether Outfall.

24. The Roeder Drainage encompasses more than 600 acres and includes more than 1000 stormwater line segments and 700 catch basins.

25. Defendant has owned and operated Stormwater System facilities within the Roeder Drainage dating back to the 1940s or earlier, causing the Releases.

26. In addition to the Releases caused by conveyance of City Stormwater directly to the I & J Waterway through the Roeder and Bellwether Outfalls, hazardous substances contained in City Stormwater from Baywide Drainage has entered I & J Waterway through its mouth, resulting in further Releases.

27. Between 1965 and 1974, Defendant constructed, owned and operated the Roeder Landfill in tideland south of the I & J Waterway, filling it with municipal solid waste (MSW).

28. MSW contains hazardous substances including but not limited to metals, petroleum, petroleum byproducts and fractions, PAHs, BEP, organic compounds, PCBs, dioxin and furans.

29. Hazardous substances contained in leachate from the Roeder Landfill has entered I & J Waterway through its mouth and groundwater, resulting in further Releases.

30. Defendant has also owned and operated other facilities that have caused the Releases.

31. Plaintiff has entered into an agreed order with the Washington State Department of Ecology (Agreed Order) for the purpose of providing remedial action at the I & J Waterway.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 5

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
(253) 858-9423

32. Plaintiff has incurred costs in excess of $500,000 associated with investigating and remediating the contamination at the I & J Waterway and carrying out the provisions of the Agreed Order through the creation of a remedial investigation, feasibility study, remedial design work, and Department of Ecology oversight costs, and will incur substantial additional remedial action costs in the future.

**CLAIM FOR RELIEF UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT**

33. Plaintiff realleges the allegations set forth in paragraphs 1 through 32.

34. Defendant is a "person" within the meaning of 42 U.S.C. § 9601(21).

35. The I & J Waterway is a "facility" as defined in 42 U.S.C. § 9601(9).

36. The buildings, equipment, pipelines, installations, and other features of the City Stormwater System including the Bellwether and Roeder Outfalls constitute a "facility" as defined in 42 U.S.C. 9601(9).

37. The Agreed Order is an "administrative settlement" as used in 42 U.S.C. 9613(f)(3)(b).

38. Plaintiff has incurred cleanup costs as a part of its investigation and remediation of the I & J waterway.

39. Metals, BEP, organic compounds, PAHs, PCBs, dioxin, furans and other contaminants contained in the Releases are "hazardous substances" as defined in 42 U.S.C. 9601(14).

40. Each of the Releases constitutes a "release" as defined in 42 U.S.C. 9601(22).

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 6

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA  98335
(253) 858-9423

41. Defendant is the "operator" of the Roeder and Bellwether Outfalls through which Defendant has deposited hazardous substances into the I & J Waterway.

42. Defendant has by contract, agreement, and otherwise arranged for the disposal and treatment of hazardous substances at and into the I & J Waterway.

43. Defendant has accepted hazardous substances for transport to disposal at numerous facilities including the I & J waterway and the Stormwater System.

44. Defendant is the owner, operator, and designer, of stormwater conveyance systems, treatment facilities, streets, roads, vehicles, maintenance equipment, and more and has through these means accepted hazardous substances for transport and treatment, and arranged for disposal of hazardous substances which have later been released into the I & J Waterway.

45. Plaintiff has incurred remedial action costs as a part of a cleanup that are consistent with the National Contingency Plan.

46. Pursuant to 42 U.S.C. § 9607(a), Plaintiff is entitled to recover from Defendant all costs and expenses it has incurred in investigating and cleaning up the I & J Waterway.

47. Pursuant to 42 U.S.C. § 9613(f)(3)(b), Plaintiff is entitled to contribution from Defendant for remedial action costs incurred by and imposed on Plaintiff.

**CLAIM FOR RELIEF UNDER MODEL TOXICS CONTROL ACT**

48. Plaintiff realleges the allegations set forth in paragraphs 1 through 47

49. The I & J Waterway is a "facility" as defined in RCW 70A.305.020.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 7

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA  98335
(253) 858-9423

50. Metals, petroleum, petroleum byproducts and fractions, PAHs, BEP, organic compounds, PCBs, dioxin, furans and other contaminants contained in the Releases are "hazardous substances" as defined in RCW 70A.305.020.

51. Each of the Releases constitutes a "release" as defined in RCW 70A.305.020.

52. Defendant is the current owner of contaminating facilities causing the Releases, owned and operated the contaminating facilities at the time of the Releases, arranged for disposal of hazardous substances at the I & J Waterway, and transported hazardous substances for disposal at the I & J Waterway, and is therefore strictly, jointly and severally liable for all remedial action costs incurred at or related to the I & J Waterway, as provided in RCW 70A.305.040(1)(a),(b), (c) and (d).

53. Plaintiff has incurred remedial action costs consistent with the purposes and requirements of MTCA to identify and remediate the Releases of hazardous substances into the environment.

54. Pursuant to RCW 70A.305.080, Plaintiff is entitled to recover from Defendant all remedial action costs and attorney fees and expenses resulting from Releases of hazardous substances at the I & J Waterway.

**CLAIM FOR DECLARATORY JUDGMENT UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT**

55. Plaintiff realleges the allegations set forth in paragraphs 1 through 54.

56. Plaintiff has incurred remedial action costs consistent with the National Contingency Plan and the purposes and requirements of CERCLA to identify and remediate the Releases of hazardous substances into the environment and will continue to incur such costs.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 8

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA  98335
(253) 858-9423

57. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiff and the Defendant regarding the obligation of Defendant to pay or reimburse Plaintiff for remedial action costs.

58. Under 42 U.S.C. 9613, 28 U.S.C. § 2201, FRCP 57, and RCW 7.24.010, *et seq.*, Plaintiff is entitled to declaratory judgment that the Defendant is obligated to pay all remedial action costs incurred or to be incurred related to contamination of the I & J Waterway.

### CLAIM FOR DECLARATORY JUDGMENT UNDER MODEL TOXICS CONTROL ACT

59. Plaintiff realleges the allegations set forth in paragraphs 1 through 58.

60. Plaintiff has incurred remedial action costs consistent with the purposes and requirements of MTCA to identify and remediate the Releases of hazardous substances into the environment and will continue to incur such costs.

61. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiff and the Defendant regarding the obligation of Defendant to pay or reimburse Plaintiff for remedial action costs.

62. Under RCW 70A.305 *et seq.*, 28 U.S.C. § 2201, FRCP 57, and RCW 7.24.010, *et seq.*, Plaintiff is entitled to declaratory judgment that the Defendant is obligated to pay all remedial action costs incurred or to be incurred related to contamination of the I & J Waterway.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment and judicial declaration that:

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 9

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
(253) 858-9423

a. Defendant is responsible for past and future remedial action costs incurred by Plaintiff to remediate and abate the Releases or threatened Releases of any hazardous substances at or onto the I & J Waterway;

b. Defendant is strictly, jointly and severally liable to Plaintiff for costs incurred or to be incurred to remediate and abate the Releases or threatened Releases of any hazardous substances at or onto the the I & J Waterway;

c. Defendant is strictly, jointly and severally liable to Plaintiff for costs, expenses and attorney fees;

d. Such other and further relief as the Court deems just and proper.

DATED this 7th day of January, 2021.

DAVIS LAW OFFICE, PLLC

_____
MARK J. DAVIS, WSBA #51262
CLARK J. DAVIS, WSBA #11635
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 10

DAVIS LAW OFFICE, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA  98335
(253) 858-9423