UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BORNSTEIN SEAFOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BELLINGHAM, et al., <br><br> Defendants. | CASE NO. C21-0022JLR <br><br> ORDER DENYING PORT OF BELLINGHAM'S MOTION TO DISMISS |

## I.   INTRODUCTION

Before the court is Defendant the Port of Bellingham's ("Port") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Mot. (Dkt. # 18); *see also* Reply (Dkt. # 30).)  Plaintiff Bornstein Seafoods, Inc. ("Bornstein") opposes the motion and moves to strike portions of the Port's reply.  (Resp. (Dkt. # 27); Surreply (Dkt. # 35).)  Defendant the City of Bellingham ("City") has not responded to the Port's motion.  (*See generally* Dkt.)  The court has considered the motions, all submissions filed in support of and in opposition to the motions, the relevant portions of the record, and the applicable

1  law.  Being fully advised,[1] the court GRANTS Bornstein's motion to strike portions of
2  the Port's reply and DENIES the Port's motion to dismiss.

## II.  BACKGROUND

This action stems from efforts to clean up environmental contamination at the I & J Waterway Site (the "Site") in Bellingham Bay, Washington.  (*See* Am. Compl. (Dkt. # 7) ¶¶ 1-2.)  Bornstein filed the instant lawsuit against the City on January 7, 2021.  (*See* Compl. (Dkt. # 1).)  In its original complaint, Bornstein alleged that the City is liable for the costs of cleanup and remedial action at the Site because the City's stormwater system and other City facilities are sources of hazardous substances that have contaminated the Site.  (*See generally id.* ¶¶ 1-7.)  Bornstein asserted claims against the City under the federal Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") §§ 107 and 113, 42 U.S.C. § 9607 and 9613, and Washington's Model Toxics Control Act, chapter 70A.305 RCW ("MTCA"), for contribution and for a declaratory judgment that the City is obligated to pay for all remedial action costs that Bornstein has incurred or will incur related to contamination of the Site.  (*See id.* ¶¶ 33-62.)  Bornstein did not name the Port in its initial complaint.  (*See generally id.*)

On February 1, 2021, the Port filed a separate lawsuit in Whatcom County Superior Court.  (*See* Woolson Decl. (Dkt. # 19) ¶ 3, Ex. A (Compl., *Port of Bellingham*

---

[1] Bornstein requests oral argument. (*See* Resp. at 1.)  The court, however, finds oral argument unnecessary to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

*v. Bornstein Seafoods, Inc.*, No. 21-2-00095-37 (Whatcom Cty. Super.) ("Port Complaint")).) In that suit, the Port alleged claims under the MTCA against Bornstein for contribution and for a declaratory judgment that Bornstein is strictly liable, jointly and severally, for remedial action costs at the Site. (*See id.* ¶¶ 4.1-5.4.) The Port did not assert any federal claims against Bornstein. (*See generally id.*) On February 25, 2021, Bornstein answered the Port's state-court complaint and asserted counterclaims for contribution and for a declaratory judgment of liability under both the MTCA and CERCLA §§ 107 and 113, 42 U.S.C. § 9607 and 9613. (*See* Woolson Decl. ¶ 4, Ex. B (Ans., *Port of Bellingham v. Bornstein Seafoods, Inc.*) ¶¶ 7.1-8.9 ("Bornstein Ans.").) The City is not a party in the state court proceedings. (*See* Port Compl; Bornstein Ans.)

On February 26, 2021, the day after it filed its answer, Bornstein removed the Port's lawsuit to this court. (*See* Not. of Removal (C21-0245JLR Dkt. # 1).[2]) The Port moved to remand on March 12, 2021. (*See* Mot. to Remand (C21-0245JLR Dkt. # 8).)

On March 18, 2021, Bornstein amended its complaint in this action to name the Port as an additional defendant. (*See* Am. Compl.) Bornstein added claims against the Port for contribution and for a declaratory judgment of liability under the MTCA and CERCLA §§ 107 and 113—the same claims it alleged as counterclaims in the Port's Whatcom County action. (*See id.* ¶¶ 73-101.) On April 1, 2021, Bornstein moved to consolidate this case with *Port of Bellingham v. Bornstein Seafoods*. (*See* Cons. Mot. (Dkt. # 14).) On April 26, 2021, while the motions to remand and to consolidate were

---

[2] For ease of reference, the court identifies filings in *Port of Bellingham v. Bornstein Seafoods* by including the case number in the citation.

ORDER - 3

pending, the Port filed the instant motion to dismiss. (*See* Mot.) On April 27, 2021, the City answered Bornstein's complaint in this action and asserted counterclaims against Bornstein for contribution and a declaratory judgment of liability under the MTCA and CERCLA §§ 107 and 113. (*See* City Ans. (Dkt. # 22) at 11-13).

On May 5, 2021, the court granted the Port's motion to remand *Port of Bellingham v. Bornstein Seafoods* to Whatcom County Superior Court. (*See* 5/5/21 Remand Order (C21-0245JLR Dkt. # 17).) The court denied Bornstein's motion to consolidate as moot. (5/5/21 Cons. Order (Dkt. # 25).)

### III.   ANALYSIS

The Port moves the court to abstain from exercising federal jurisdiction over this action and to dismiss or stay the case pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). (*See generally* Mot.) Bornstein argues that a *Colorado River* stay is not appropriate in this case and moves the court to strike certain arguments that, it asserts, the Port raised for the first time in its reply. (*See generally* Resp.; *see also* Surreply.) The court considers Bornstein's motion to strike, then turns to the merits of the Port's motion to dismiss.

**A.   Motion to Strike**

Bornstein asks the court to strike the Port's argument, asserted for the first time in the Port's reply, that the court should abstain from hearing this action under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). (Surreply at 2-3; *see* Reply at 2, 6-7.) "New arguments may not be introduced in a reply brief," *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992), and a court "need not consider arguments raised for the

first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). If new facts or arguments are introduced, the nonmoving party may file a surreply requesting that the court strike the material. Local Rules W.D. Wash. LCR 7(g). Because the Port did not raise its argument regarding the applicability of *Wilton* until its reply, the court will not consider the argument and GRANTS Bornstein's motion to strike the portion of the Port's reply that advances this new argument.[3]

**B.     Colorado River Stay**

The Port moves the court to either dismiss or stay this action pursuant to *Colorado River*. (*See* Mot. at 3-11.) It argues that Bornstein has engaged in "procedural gamesmanship" and forum shopping in an effort to "strip the state court of its rightful jurisdiction over state-law clams." (*Id.* at 2.) The court finds that a dismissal or stay under Colorado River is not warranted in this case, and therefore DENIES the Port's motion to dismiss.

Under *Colorado River*, there are, in rare cases, "'principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal court or by state and federal courts.'" *United States v.*

---

[3] In any event, the court finds that the Port's reliance on *Wilton* is misplaced. Because this action involves claims for contribution in addition to declaratory judgment claims (*see* Am. Compl.), *Wilton*'s relaxed abstention standard does not apply. *See R.R. St. & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (noting that (1)"claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule" and (2) "if the district court must exercise jurisdiction over claims for damages, the court should also retain similar claims for declaratory relief to avoid piecemeal litigation.").

*State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021) (quoting *Colo. River*, 424 U.S. at 817). In those situations, a district court can dismiss or stay a federal suit due to the presence of a concurrent state proceeding. *Id.* (citing *Colo. River*, 424 U.S. at 817-18). Because of "'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given [to] them,'" however, "'[o]nly the clearest of justifications will warrant [a] dismissal' or stay." *Id.* (quoting *Colo. River*, 424 U.S. at 819). The court's "'task in [such] cases . . . is not to find some substantial reason for the *exercise* of federal jurisdiction by the district; rather, the task is to ascertain whether there exist "exceptional" circumstances . . . to justify the *surrender* of that jurisdiction.'" *Id.* at 1203 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983) (emphasis in *Moses H. Cone*)). "'If there is any substantial doubt as to' whether 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties . . . it would be a serious abuse of discretion to grant the stay or dismissal at all.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 28).

      The Ninth Circuit has listed eight factors that courts should consider in determining whether a *Colorado River* stay is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* (quoting *R.R. St.*, 656 F.3d at 978-79).  "These factors are not a 'mechanical checklist.'"  *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16).  Rather, "'[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'"  *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16).  "Some factors may not apply in some cases, and, in some cases, a single factor may decide whether a stay is permissible."  *Id.* (internal citations omitted).  There is a presumption that a partial *Colorado River* stay is inappropriate except in rare cases.  *See id.* at 1206-07.

District courts should address the eighth *Colorado River* factor—"whether the state court proceedings will resolve all issues before the federal court"—as a preliminary matter.  *R.R. St.*, 656 F.3d at 978-79, 979 n.9.  This is because "'the decision to invoke *Colorado River* necessarily contemplates that the federal court *will have nothing further to do in resolving any substantive part of the case,* whether it stays or dismisses.'"  *State Water Res. Control Bd.,* 988 F.3d at 1203-04 (quoting *Moses H. Cone*, 460 U.S. at 28) (emphasis in *State Res. Control Bd.*).

The court concludes that the eighth *Colorado River* factor controls the outcome of the Port's motion.  *See id.* at 1208 (finding the eighth factor "dispositive" and concluding a stay was not appropriate where the United States' immunity claim was not raised in the state court action).  Here, the state court cannot resolve Bornstein's claims against the City and the City's counterclaims against Bornstein because those claims have not been raised in that action.  As a result, this court cannot have "full confidence that the parallel state proceeding will end the litigation." *See id*. (*quoting Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)).

1    Where "'there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis.'" *Id.* (quoting *Intel*, 12 F.3d at 913 n.7); *see also id.* at 1204 ("We have repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court."); *Harris as Tr. of Edith Heinemann Harris Tr. v. Mundel as Tr. of Mundel Tr.*, --- F. App'x ---, No. 18-35669, 2021 WL 2172082, at *2 (9th Cir. May 27, 2021) (declining to dismiss or stay case under *Colorado River* where there was a "substantial doubt" as to whether state court proceedings were capable of resolving all of the issues in the action).  Because the state court proceeding will not resolve all of the claims at issue in this action, the court declines to apply *Colorado River* to dismiss the Port's claims or stay this case pending the resolution of the state court action and need not weigh the remaining *Colorado River* factors.  *See State Water Res. Control Bd.*, 988 F.3d at 1208; *see also James River Ins. Co. v. Thompson*, No. CV-20-01052-PHX-DGC, 2021 WL 1841676, at *9 (D. Ariz. May 7, 2021) (applying *State Water Res. Control Bd.* in granting motion for reconsideration and vacating prior order staying case).  The court DENIES the Port's motion to dismiss.

//

//

//

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Bornstein's motion to strike (Dkt. # 35) and DENIES the Port's motion to dismiss (Dkt. # 18).

Dated this 14th day of June, 2021.

_____
JAMES L. ROBART
United States District Judge

ORDER - 9