UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BORNSTEIN SEAFOODS, INC., <br><br> Plaintiff, <br> v. <br><br> CITY OF BELLINGHAM, et al., <br><br> Defendants. | CASE NO. C21-0022JLR <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Defendant the Port of Bellingham's ("Port") motion for reconsideration of the court's June 14, 2021 order denying the Port's motion to dismiss or stay Plaintiff Bornstein Seafoods, Inc.'s ("Bornstein") claims against it. (MFR (Dkt. # 37); 6/14/21 Order (Dkt. # 36).) Motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority that could not have been brought to the attention of the court earlier through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1).

The court has carefully reviewed the Port's motion. The Port presents no new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally* MFR.) Instead, the Port argues that the court erroneously interpreted its motion to dismiss (MTD (Dkt. # 18)) as a request to dismiss or stay this entire lawsuit pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). (*See* MFR at 3.) The Port again urges the court to dismiss or stay only Bornstein's claims against it. (*See generally id.*)

Contrary to the Port's assertion, the court understood the Port's motion to dismiss as requesting only dismissal or stay of Bornstein's claims against the Port, rather than dismissal or stay of the entire lawsuit. As the court explained in its June 14, 2021 order, however, the court interprets the Ninth Circuit Court of Appeals's recent decision in *United States v. State Water Resources Control Board*, 988 F.3d 1194 (9th Cir. 2021), as prohibiting a partial *Colorado River* stay. (*See* 6/14/21 Order at 7-8.) In that case, the Ninth Circuit made clear that a partial *Colorado River* stay is "inappropriate when the state court proceedings will not resolve the *entire case before the federal court*." *State Water Res. Control Bd.*, 988 F.3d at 1204 (emphasis added). Rather, "'a district court may enter a *Colorado River* stay order only if it has "full confidence" that the parallel state proceeding will *end the litigation*.'" *Id.* (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)) (emphasis in original). Here, the court applied *State Water Resource Control Board* and concluded that dismissal of the Port's claims or a partial stay of the Port's claims would be inappropriate because the state-court proceedings will not resolve the entire litigation, which also includes Bornstein's claims

against Defendant the City of Bellingham ("City") and the City's counterclaims against Bornstein. (*See* Am. Compl. (Dkt. # 7); City Ans. (Dkt. # 22)).) As a result, "exceptional circumstances" that would "justify [the court's] surrender of [its] jurisdiction" pursuant to *Colorado River* are not present in this matter. *See State Water Res. Control Bd.*, 988 F.3d at 1203 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)) (internal quotation marks omitted).

For the foregoing reasons, the court concludes that the Port has made neither of the required Local Rule LCR 7(h)(1) showings. (*See generally* MFR.) Therefore, the court DENIES the Port's motion for reconsideration (Dkt. # 37).

Dated this 24th day of June, 2021.

_____

JAMES L. ROBART
United States District Judge