Seth A. Woolson, WSBA #37973
Holly M. Stafford, WSBA #40674
T. Todd Egland, WSBA #48788
Sara B. Frase, WSBA #56922
Chmelik Sitkin & Davis, P.S.
1500 Railroad Avenue
Bellingham, WA 98225
Telephone: (360) 671-1796
Facsimile: (360) 671-3781
Email: swoolson@chmelik.com
        hstafford@chmelik.com
        tegland@chmelik.com
        sfrase@chmelik.com
Attorneys for the Port of Bellingham

**The Honorable James L. Robart**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BORNSTEIN SEAFOODS, INC., a Washington Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY OF BELLINGHAM, a Washington Municipal Corporation; and PORT OF BELLINGHAM, a Washington Municipal Corporation.<br><br>            Defendants. | No. 2:21–cv–00022–JLR<br><br>**STIPULATION FOR DEFENDANT PORT OF BELLINGHAM TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br><br><br>**NOTE ON MOTION CALENDAR: 08/05/2022** |

IT IS HEREBY STIPULATED by and between the parties to the First Amended Complaint, Docket Number Seven (7), through their respective undersigned attorneys of record, that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant Port of Bellingham (the "Port"), in the above-entitled action may file an amended answer and counterclaims, a copy of which is attached hereto as **Exhibit A**.

IT IS FURTHER STIPULATED that Plaintiff Bornstein Seafoods waives notice and service

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue, Washington 98225
phone 360.671.1796 • fax 360.671.3781

1 | of the amended answer and counter claims.

2 | DATED this 4 day of August, 2022.

By: _____
CHMELIK SITKIN & DAVIS P. S.
Attorneys for Defendant Port of Bellingham
SETH A. WOOLSON, WSBA #37973
HOLLY M. STAFFORD, WSBA #40674
T. TODD EGLAND, WSBA #48788
SARA B. FRASE, WSBA #56922

7 | DATED this 3rd day of August, 2022.

By:_____
DAVIS LAW OFFICE PLLC
Attorneys for Plaintiff Bornstein
Seafoods Inc.
Mark J. Davis, WSBA #51262
Clark J. Davis, WSBA #11635

11 | DATED this 4th day of August, 2022.

By: /s/ Stephen J. Tan_____
Stephen J. Tan, WSBA #22756
Tanya Barnet, WSBA #17491
CASCADIA LAW GROUP PLLC
Attorneys for Defendant City of Bellingham

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 2

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

# ORDER

Good Cause appearing therefore, **IT IS HEREBY ORDERED** that Defendant Port of Bellingham is granted leave to file the First Amended Answer, Affirmative Defenses, and Counterclaims, which is attached hereto as **Exhibit A**.

**DATED**: _August 5, 2022_

James L. Robart
United States District Court Judge

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

**CERTIFICATE OF SERVICE**

I, Kimiko A. Torres, certify under the laws of the United States of America that on August 5, 2022, I filed a true and correct copy of the foregoing document with the Clerk of the Court and served counsel below by the method indicated:

Clark J. Davis
Mark J. Davis                                                  [ ] U.S. Mail
Davis Law Office, PLLC                                         [ ] Messenger
7191 Wagner Way, Suite 202                                     [ X ] E-mail
Gig Harbor, WA 98335                                           [ X ] CM/EFC
cdavis@cjd-law.com
mdavis@cjd-law.com
**Attorneys for Plaintiff**

Stephen J. Tan                                                 [ ] U.S. Mail
Jennifer Tanya Barnett                                         [ ] Messenger
Cascadia Law Group                                             [ X ] E-mail
1201 Third Avenue, Suite 320                                   [ X ] CM/EFC
Seattle, WA 98101
stan@cascadialaw.com
tbarnett@cascadialaw.com
**Attorney for Defendant City of Bellingham**

CHMELIK SITKIN & DAVIS, P.S.

_____
Kimiko Torres
Legal Assistant to Seth A. Woolson

STIPULATION FOR DEFENDANT
PORT OF BELLINGHAM TO FILE AMENDED ANSWER
2:21–cv–00022–JLR - 4

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

# EXHIBIT A

1  Seth A. Woolson, WSBA #37973
   Holly M. Stafford, WSBA #40674
2  T. Todd Egland, WSBA #48788
   Sara B. Frase, WSBA #56922
3  Chmelik Sitkin & Davis, P.S.
   1500 Railroad Avenue
4  Bellingham, WA 98225
   Telephone: (360) 671-1796
5  Facsimile: (360) 671-3781
6  Email: swoolson@chmelik.com
           hstafford@chmelik.com
7          tegland@chmelik.com
           sfrase@chmelik.com
8  Attorneys for the Port of Bellingham
9

10

11                    **UNITED STATES DISTRICT COURT**
                      **WESTERN DISTRICT OF WASHINGTON**
12

13

14  BORNSTEIN SEAFOODS, INC., a
    Washington Corporation,                    No. 2:21–cv–00022–JLR
15
              Plaintiff,                        **DEFENDANT PORT OF**
16                                              **BELLINGHAM'S FIRST AMENDED**
       vs.                                      **ANSWER, AFFIRMATIVE**
17                                              **DEFENSES, AND COUNTERCLAIMS**
    CITY OF BELLINGHAM, a
18  Washington Municipal Corporation; and
    PORT OF BELLINGHAM, a Washington
19  Municipal Corporation.
20
              Defendants.
21

22

23        Defendant Port of Bellingham (the "Port"), for its answer to Plaintiff Bornstein Seafoods,

24  Inc.'s ("Bornstein") Amended Complaint for Damages and Declaratory Relief, admits, denies, and

    alleges as follows:
25

26                                  **INTRODUCTION**

27        1.     This paragraph contains no allegation to which a response is required.

28

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE          **CHMELIK SITKIN & DAVIS** P.S.
DEFENSES, AND COUNTERCLAIMS                                      ATTORNEYS AT LAW
2:21–cv–00022–JLR - 1                             1500 Railroad Avenue Bellingham, Washington 98225
                                                      phone 360.671.1796 • fax 360.671.3781

2.       The allegations in this paragraph are directed at the City of Bellingham (the "City") and require no response from the Port.

3.       The Port admits that it owns a portion of the stormwater system, including the Bellwether Outfall along the Bellwether peninsula.  The Port denies the remaining allegations in this paragraph.

4.       The Port admits that it owns certain real property that includes the Bellwether Peninsula and on which the Plaintiff operates its business.  The Port denies the remaining allegations in this paragraph.

5.       The allegations in this paragraph are directed at the City and require no response from the Port.

6.       The allegations in this paragraph are directed at the City and require no response from the Port.

7.       The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

8.       The Port admits that it owned certain real property on which a release of material defined as hazardous substances under the Model Toxics Control Act ("MTCA") into the sediments of the I & J Waterway.  The Port has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies.

9.       The Port admits the allegations in this paragraph.

10.      The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

11.      The Port denies the allegations in this paragraph.

12.      The Port denies the allegations in this paragraph.

## THE PARTIES

13.      The Port admits that Plaintiff is a Washington corporation.  The Port has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

14.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

15.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

### JURISDICTION AND VENUE

16.     The Port admits the allegations in this paragraph.

17.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

18.     The allegations in this paragraph are directed at the City and require no response from the Port.

19.     The Port admits the allegations in this paragraph.

20.     The Port admits the allegations in this paragraph.

### FACTS

21.     The allegations in this paragraph are directed at the City and require no response from the Port.

22.     The allegations in this paragraph are directed at the City and require no response from the Port.

23.     The Port admits that it is the owner of real property surrounding part of the I & J Waterway.  The Port denies the remaining allegations in this paragraph.

24.     The Port denies the allegations in this paragraph.

25.     The Port admits that is has owned upland property near what is now the I & J Waterway.  The Port denies the remaining allegations in this paragraph.

26.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

27.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 3

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

28.     The allegations in this paragraph are directed at the City and require no response from the Port.

29.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

30.     The allegations in this paragraph are directed at the City and require no response from the Port.

31.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

32.     The allegations in this paragraph are directed at the City and require no response from the Port.

33.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

34.     The allegations in this paragraph are directed at the City and require no response from the Port.

35.     The Port denies the allegations in this paragraph.

36.     The Port admits that the Roeder Landfill sits on land partially owned by the Port.

37.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

38.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

39.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

40.     The Port admits the allegations in this paragraph.

41.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 4

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

## CLAIM FOR RELIEF UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT FROM DEFENDANT CITY OF BELLINGHAM

42.     The Port realleges and incorporates by this reference their responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

43.     The allegations in this paragraph are directed at the City and require no response from the Port.

44.     The allegations in this paragraph are directed at the City and require no response from the Port.

45.     The allegations in this paragraph are directed at the City and require no response from the Port.

46.     The allegations in this paragraph are directed at the City and require no response from the Port.

47.     The allegations in this paragraph are directed at the City and require no response from the Port.

48.     The allegations in this paragraph are directed at the City and require no response from the Port.

49.     The allegations in this paragraph are directed at the City and require no response from the Port.

50.     The allegations in this paragraph are directed at the City and require no response from the Port.

51.     The allegations in this paragraph are directed at the City and require no response from the Port.

52.     The allegations in this paragraph are directed at the City and require no response from the Port.

53.     The allegations in this paragraph are directed at the City and require no response from the Port.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

54.     The allegations in this paragraph are directed at the City and require no response from the Port.

55.     The allegations in this paragraph are directed at the City and require no response from the Port.

56.     The allegations in this paragraph are directed at the City and require no response from the Port.

57.     The allegations in this paragraph are directed at the City and require no response from the Port.

**CLAIM FOR RELIEF UNDER MODEL TOXICS CONTROL ACT
FROM DEFENDANT CITY OF BELLINGHAM**

58.     The Port realleges and incorporates by this reference their responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

59.     The allegations in this paragraph are directed at the City and require no response from the Port.

60.     The allegations in this paragraph are directed at the City and require no response from the Port.

61.     The allegations in this paragraph are directed at the City and require no response from the Port.

62.     The allegations in this paragraph are directed at the City and require no response from the Port.

63.     The allegations in this paragraph are directed at the City and require no response from the Port.

64.     The allegations in this paragraph are directed at the City and require no response from the Port.

**CLAIM FOR DECLARATORY JUDGMENT UNDER COMPREHEINSIVE
ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT AGAINST
DEFENDANT CITY OF BELLINGHAM**

65.     The Port realleges and incorporates by this reference their responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 6

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

66.     The allegations in this paragraph are directed at the City and require no response from the Port.

67.     The allegations in this paragraph are directed at the City and require no response from the Port.

68.     The allegations in this paragraph are directed at the City and require no response from the Port.

### CLAIM FOR DECLARATORY JUDGMENT UNDER
### MODEL TOXICS CONTROL ACT AGAINST DEFENDANT CITY OF BELLINGHAM

69.     The Port realleges and incorporates by this reference their responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

70.     The allegations in this paragraph are directed at the City and require no response from the Port.

71.     The allegations in this paragraph are directed at the City and require no response from the Port.

72.     The allegations in this paragraph are directed at the City and require no response from the Port.

### CLAIM FOR RELIEF UNDER COMPREHENSIVE
### ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT
### FROM DEFENDANT PORT OF BELLINGHAM

73.     The Port realleges and incorporates by this reference their responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

74.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

75.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

76.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

77.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

78.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

79.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

80.     The Port denies the allegations in this paragraph.

81.     The Port admits that it is the "owner" of certain upland real estate.  The Port denies the remaining allegations in this paragraph.

82.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

83.     The Port denies the allegations in this paragraph.

84.     The Port denies the allegations in this paragraph.

85.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

86.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

**CLAIM FOR RELIEF UNDER MODEL TOXICS CONTROL ACT**
**FROM DEFENDANT PORT OF BELLINGHAM**

87.     The Port realleges and incorporates by this reference its responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

88.     The Port admits the allegations in this paragraph.

89.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

90.     The Port denies the allegations in this paragraph.

91.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 8

92.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

93.     The allegations in this paragraph call for a legal conclusion to which no answer is required. To the extent an answer is required, the Port denies.

## CLAIM FOR DECLARATORY JUDGMENT UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT AGAINST DEFENDANT PORT OF BELLINGHAM

94.     The Port realleges and incorporates by this reference its responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

95.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

96.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

97.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

## CLAIM FOR DECLARATORY JUDGMENT UNDER MODEL TOXICS CONTROL ACT AGAINST DEFENDANT PORT OF BELLINGHAM

98.     The Port realleges and incorporates by this reference its responses to the preceding Paragraphs of Plaintiff's Amended Complaint.

99.     The Port has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies.

100.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

101.     The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Port denies.

## AFFIRMATIVE DEFENSES

AND, FOR FURTHER ANSWER AND AFFIRMATIVE DEFENSES, the Port of Bellingham alleges as follows:

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

3.      Plaintiff is barred from recovering any costs of response under the MTCA that are not the substantial equivalent of a department-conducted or department-supervised remedial action.

4.      Plaintiff's claims are time-barred, in whole or in part, by applicable statutes of limitation or other applicable law.

5.      Plaintiff failed to mitigate, minimize, or avoid damages that they allegedly sustained, and recovery against Defendant Port of Bellingham must be reduced accordingly.

6.      Plaintiff voluntarily and knowingly assumed the risk of any damages they allege that they have sustained.

7.      Any releases for which the Port would otherwise by responsible were caused solely by an act or omission of Bornstein and a third-party other than an employee of the Port, or one acting in connection with a contractual relationship with the Port.  The Port exercised all due care under the circumstances and took precautions against foreseeable acts or omissions of third parties. For these reasons, the Plaintiff is barred from recovery related to such release by RCW 70A.305.040(3)(a)(iii).

8.      Any releases for which the Port would otherwise be responsible were federally permitted releases.

9.      The claims against the Port in this case are collaterally estopped due to the ongoing litigation in *Port of Bellingham v. Bornstein Seafoods Inc.*, case number 21-2-00095-37 in the Superior Court of Whatcom County.

10.     The claims in this case are precluded by the doctrine of Res Judicata due to the litigation in *Port of Bellingham v. Bornstein Seafoods Inc.*, case number 21-2-00095-37.

11.     Plaintiff is precluded from bringing this lawsuit against the Port due to a cost-splitting agreement allocating costs between the parties.

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

12.     As owner and operator of a facility, Bornstein is liable under the MTCA and must bear some or all of its own costs, even if the Port is found to be liable, thus barring Bornstein's claim of joint and several liability.

13.     Bornstein's recovery against the Port, if any, must be offset by an amount reflecting the appropriate allocation of liability to Bornstein, and other parties.

14.     The Port reserves its rights to amend this answer by way of additional affirmative defenses as additional facts are obtained through further investigation and discovery.

## COUNTERCLAIMS

### I.      PARTIES AND JURISDICTION

1.1     The Port is a Washington municipal corporation located in Whatcom County, Washington.

1.2     Bornstein is a Washington corporation.

1.3     This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues in this matter.

### II.     STATEMENT OF FACTS

2.1     The Port has owned certain real property upland to the I & J Waterway in Bellingham, Whatcom County, Washington (the "Property"), including the berthing areas on its south side, from 1944 to the present.

2.2     The State of Washington owns the aquatic lands within the I & J Waterway.

2.3     Beginning in approximately 1959 through the present, Bornstein has occupied the Property and operated a seafood processing plant pursuant to a series of lease agreements and renewals with the Port.

2.4     The Bornstein building was destroyed by a fire in 1985 and was rebuilt in the same location.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

2.5     Beginning in 1994, environmental site assessments and investigations have been conducted at the Site.  The results of this work indicate that hazardous substances had been released in the waterway and berth area sediments.  The Port reported this information to the Washington State Department of Ecology ("Ecology").

2.6     Ecology added the Site to its list of Confirmed and Suspected Contaminated Sites. At the time it was initially listed, it was known as "Olivine Hilton."

2.7     In 1996, Ecology issued an Early Notice Letter to the Port for the Olivine Hilton Site.

2.8     In July 2002, Ecology issued a "potentially liable person status" letter to the Port.  In September 2002, Ecology notified the Port that it was a potentially liable person under MTCA.

2.9     In 2002, the Olivine Hilton Site was split into two (2) separate sites: Olivine Hilton Upland and Olivine Hilton Sediment.

2.10    In March 2004, Ecology renamed the Olivine Hilton Sediment Site the I & J Waterway Site.  The Site boundary is defined by Ecology based upon the extent of contamination caused by the release of hazardous substances at the Site.

2.11    Also in March 2004, Ecology issued a "potentially liable person status" letter to Bornstein.  Later in 2004, Ecology notified Bornstein that it was a potentially liable person under the MTCA.

2.12    In January 2005, the Port entered into Agreed Order No. DE 1090 (the "2005 Agreed Order") with Ecology for the purpose of conducting a remedial investigation/feasibility study ("RI/FS") at the Site.

2.13    In November 2005, the Port entered into a First Amendment to the 2005 Agreed Order with Ecology.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

2.14     In April 2012, the Port entered into a Second Amendment to the 2005 Agreed Order with Ecology.

2.15     The Port conducted additional investigation pursuant to the 2005 Agreed Order, as amended.

2.16     In 2013, surface and subsurface sampling was conducted in the area beneath Bornstein's dock.

2.17     In 2015, an RI/FS was prepared. The RI found hazardous substances, as that term is defined in MTCA, in marine sediments at the Site, including in the vicinity of Bornstein's dock.

2.18     In 2019, the Port and Bornstein entered into Agreed Order No. DE 16186 (the "2019 Agreed Order") with Ecology.

2.19     According to the 2019 Cleanup Action Plan ("CAP") attached to the 2019 Agreed Order, Sediment Cleanup Unit 1 ("SCU-1") encompasses the areas of the Site known as the Navigation Channel West Unit, the Berthing Area Unit, the Dock Unit, and the Floating Dock Unit.

2.20     The areas known as the Coast Guard Bank Unit, Coast Guard Unit, Navigation Channel East Unit, South Bank Unit, and Head of Waterway Unit comprise Sediment Cleanup Unit 2 at the Site.

2.21     The 2019 Agreed Order requires the Port and Bornstein to develop the design of the cleanup action for SCU-1 at the Site.

2.22     Ecology has indicated that once the work described in the 2019 Agreed Order is complete, it expects that the CAP will be implemented at the Site pursuant to a Consent Decree that has yet to be negotiated.

2.23     The Port anticipates conducting cleanup at the Site.  When that occurs, the Port will incur significant costs for implementing the remedial action described in the CAP.

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 13

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

### III.   FIRST CAUSE OF ACTION – CONTRIBUTION UNDER THE MODEL TOXICS CONTROL ACT

3.1    The Port incorporates by reference its responses above.

3.2    The Port is a "person" as defined in RCW 70A.305.020(24).

3.3    Bornstein is a "person" within the meaning of RCW 70A.305.020(24).

3.4    The Site is a "facility" within the meaning of RCW 70A.305.020(8).

3.5    There has been a "release" of hazardous substances to the environment at and from the Site as defined in RCW 70A.305.020(32).

3.6    Bornstein is a liable person under RCW 70A.305.040(1)(a) in that it is a current owner and operator of the Site within the meaning of RCW 70A.305.020(22).

3.7    Bornstein is also a liable person under RCW 70A.305.040(1)(b) in that it is a former owner and operator of the Site within the meaning of RCW 70A.305.020(22) at the time of disposal or release of hazardous substances.

3.8    The release of hazardous substances into the environment at the Site requires "remedial action" and the expenditure of "remedial action costs," as those terms are defined and described in RCW 70A.305.020(33) and RCW 70A.305.080.

3.9    Pursuant to RCW 70A.305.040(2), Bornstein is strictly liable, jointly and severally, for all remedial action costs resulting from the release, or threatened release of, hazardous substances at the Site.

3.10   The Port has incurred and will continue to incur remedial action costs related to, and arising out of, the hazardous substances at the Site, including but not limited to attorneys' fees. Under RCW 70A.305.080, the Port is entitled to recover such fees and costs from Bornstein.

3.11   Pursuant to RCW 70A.305.080, the Port has a claim for contribution against Bornstein for remedial action costs incurred at the Site.

### IV.   SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT UNDER THE MODEL TOXICS CONTROL ACT

4.1    The Port incorporates by reference its responses above.

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

4.2     An actual controversy within the jurisdiction of the Court exists between the Port and Bornstein.

4.3     Pursuant to RCW 7.24.010, the Port is entitled to Declaratory Judgment that Bornstein, as a liable party under MTCA, is strictly liable, jointly and severally, for all remedial action costs resulting from releases or threatened releases of hazardous substances at the Site, a facility under RCW 70A.305.020(8).

4.4     Pursuant to RCW 7.24.010, the Port is entitled to a Declaratory Judgment that Bornstein is liable to the Port in contribution under RCW 70A.305.080 for remedial action costs resulting from the release or threatened release of hazardous substances at the Site, including, but not limited to, attorneys' fees and expenses incurred by the Port at the Site in the future.

## V.     <u>THIRD CAUSE OF ACTION – CLAIM FOR CONTRIBUTION UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION, AND LIABLITY ACT</u>

5.1     The Port incorporates by reference its responses above.

5.2     The Port is a "person" as defined in 42 USC § 9601(21).

5.3     Bornstein is a "person" within the meaning of 42 USC § 9601(21).

5.4     The Site is a "facility" within the meaning of 42 USC § 9601(9).

5.5     Bornstein is liable for the Site as an owner and/or operator under 42 USC § 9607(a).

5.6     Bornstein has initiated a civil action against the Port under 42 USC § 9607(a).

5.7     Pursuant to 42 USC § 9613(f), if the Port is found liable to Bornstein for response costs related to the Site, then the Port is entitled to contribution from Bornstein for all necessary costs of response incurred by the Port consistent with the national contingency plan.

## VI.     <u>FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION, AND LIABLITY ACT</u>

6.1     The Port incorporates by reference its responses above.

6.2     Bornstein has initiated a civil action against the Port under 42 USC § 9607(a) for response costs allegedly incurred to date.

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 15

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham,Washington 98225
phone 360.671.1796 • fax 360.671.3781

6.3     The Port anticipates further response costs will be incurred related to the Site.

6.4     Pursuant to 42 USC § 9613(g)(2), if the Port is found liable to Bornstein for response costs related to the Site, then the Port is entitled to declaratory judgment equitably allocating responsibility for future response costs claimed by Bornstein.

### PRAYER FOR RELIEF

The Port of Bellingham requests judgment as follows:

I.     For a judgment against Bornstein for damages in contribution for the remedial action costs being incurred by the Port at the Site in an amount to be proven at trial;

II.     For a declaratory judgment that Bornstein is liable to the Port for remedial action costs at the Site, including all costs incurred by the Port;

III.     For prejudgment interest and post-judgment interest;

IV.     For attorneys' fees and expenses as provided for by law; and

V.     For such other relief as the Court deems just and proper, including, without limitation, contribution pursuant to 42 USC § 9613(f) and relief for remedial action costs pursuant to RCW 70A.305.00 incurred at the Site.


DATED this 28 4th day of June August, 2021 2.


    /s/ Sara B. Frase
SETH A. WOOLSON, WSBA #37973
HOLLY M. STAFFORD, WSBA #40674
T. TODD EGLAND, WSBA #48788
SARA B. FRASE, WSBA #56922

DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
2:21–cv–00022–JLR - 16

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781